UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OMER KARAHODZIC,

      Petitioner,

         v.                              CAUSE NO. 3:26-CV-611-CCB-SJF

BRIAN ENGLISH,

      Respondent.

## **<u>OPINION AND ORDER</u>**

Immigration detainee Omer Karahodzic, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Karahodzic has filed a reply. ECF 8, ECF 10. The petition is ready to be decided.

<u>BACKGROUND</u>

Karahodzic is a citizen of Bosnia who entered the United States as a refugee in 1999. ECF 8-1 at 10-14. On June 6, 2025, Immigration and Customs Enforcement (ICE) detained him. ECF 2 at 10. On July 9, 2025, an immigration judge ordered him removed to Bosnia-Herzegovina. *Id.* at 15-16. He is currently in the custody of the Miami Correctional Facility. ECF 2 at 1.

The respondent submitted an affidavit, dated May 18, 2026, in which an ICE officer attests that the government intends to remove Karahodzic to Bosnia-Herzegovina. ECF 8-2. She attests that, on February 28, 2026, Karahodzic submitted a

travel document application to the government, but the government deemed it incomplete. *Id.* She further attests that, on May 6, 2026, the government submitted a completed travel document application to the Consulate General of Bosnia-Herzegovina in Chicago. *Id.*

## SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Karahodzic's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

## MERITS

Regarding the merits of the petition, the respondent first argues that Karahodzic's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Karahodzic ended in September 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001)

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Because Karahodzic has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. The respondent identifies Bosnia-Herzegovina as the only country under consideration, but the record contains no substantial reason to suspect that Bosnia-Herzegovina would not accept Karahodzic for removal. The only suggestion is the allegation that "the Bosnian consulate via phone call indicated its lack of intent in repatriating [Karahodzic]," but this allegation is too vague to satisfy Karahodzic's initial burden under *Zadvydas*. ECF 2 at 12. He provides

3

no context for this telephone conversation, including when it occurred, whether a properly completed application for travel documents had been received at the time of the call, or the reasons provided for Bosnia-Herzegovina not intending to repatriate him.

To Karahodzic's point, it is concerning that the government did not submit a travel document application until May 6, 2026, by which time he had spent nearly eleven months in post-removal order detention, and the government provides only a partial explanation for this delay. However, the recent submission of the complete application to Bosnia-Herzegovina persuades the court that the government is now actively working toward Karahodzic's removal. While unreasonable administrative delay by the government can be a basis for finding that removal is not reasonably foreseeable, the period of administrative delay appears to have subsided here. Therefore, the court cannot grant Karahodzic habeas relief on the basis that his removal to Bosnia-Herzegovina is not reasonably foreseeable.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Karahodzic may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 2) and **DIRECTS** the clerk to close this case.

SO ORDERED on June 15, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT